# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ACTICON TECHNOLOGIES LLC | § | |
| | § | |
| v. | § | Case No. 2:08-CV-194-RSP |
| | § | |
| CREATIVE LABS INC., et al. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Acticon Technologies LLC's Motion for Partial Summary Judgment (Dkt. No. 72) and defendants Creative Labs, Inc.'s and E-Mu Systems, Inc.'s (collectively, "Creative") Cross-Motion for Partial Summary Judgment (Dkt. No. 82).[1] Both motions ask the Court to decide the issue of whether Acticon has complied with the marking statute, 35 U.S.C. § 287(a). Having considered the briefing and evidence offered by the parties, Acticon's Motion for Partial Summary Judgment is **GRANTED-IN-PART** and **DENIED-IN-PART**, and Creative's Cross-Motion for Partial Summary Judgment is **DENIED**.

## APPLICABLE LAW

### A. SUMMARY JUDGMENT

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties

---

[1] Plaintiff's Motion for Leave to File a Sur-Sur Reply (Dkt. No. 92) is denied.

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

### B. MARKING STATUTE

A patentee may not recover damages for infringement that occurred before the patentee gave actual or constructive notice of its patent rights. *See* 35 U.S.C. § 287(a); *Sentry Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). The notice "must be sufficiently specific to support an objective understanding that the recipient may be an infringer." *Funai Elec. Co., Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010). The filing of an infringement action provides such notice. 35 U.S.C. § 287(a).

Constructive notice is given once the patentee consistently marks substantially all of its patented products. *Sentry*, 400 F.3d at 918 (internal quotations and citations omitted). The marking statute specifies several ways in which a patented product may be marked. *See* 35 U.S.C. § 287(a). For example, a product may be marked by affixing the word "patent," or the abbreviation "pat.," along with the number of the patent. *Id.* A patentee must ensure that all of its licensees properly mark their patented products. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). If a patentee's alleged failure to mark "is caused by someone other than the patentee, the court may consider whether the patentee made reasonable efforts to ensure

compliance with the marking requirements." *Id.* at 1111-12. Compliance with the marking statute is a question of fact. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 1998).

## ANALYSIS

Acticon alleges that Creative infringes U.S. Patent Nos. 4,603,320 and 4,972,470. Creative concedes in its briefing that it received actual notice of infringement at least as early as March 28, 2001 for the Modem Blaster v.92 for Notebooks product, May 25, 2007 for E-Mu Systems 1616 and 1616M products, and December 5, 2005 for the Sound Blaster Audigy 2 ZS PCMCIA product. Dkt. No. 81 at 4-5. The only remaining dispute is whether Acticon gave Creative pre-suit actual or constructive notice of infringement by the Audigy 2 ZS Cardbus Sound Card ("Audigy") and SoundBlaster X-Fi Xtreme Audio Notebook Sound Card ("X-Fi") products.

### A. ACTUAL NOTICE

Acticon argues that Creative received actual notice of infringement by the Audigy and X-Fi products when Acticon filed a prior lawsuit against Creative in 2001. Dkt. No. 87 at 2. The parties agree that Acticon claimed during the prior lawsuit that Creative's PCMCIA data/fax modem cards infringed the asserted patents. Dkt. No. 87 at 8 and Dkt. No. 91 at 2. Acticon argues that this notice extends to the Audigy and X-Fi products in this lawsuit because these accused products are sufficiently related to the PCMCIA data/fax modem cards at issue in the prior lawsuit. Acticon contends that the products are sufficiently related because the PCMCIA data/fax modem cards in the prior lawsuit and the Audigy and X-Fi products of the current lawsuit all contain infringing "configurable connectors." Dkt. 87 at 9-10.

Creative denies that the prior lawsuit gave actual notice of infringement by the Audigy and X-Fi products. Creative argues that there is no evidence that the term "configurable connector" describes a specific product or group of products, and that there is no evidence that

- 3 -

Acticon told Creative that "configurable connectors" infringe the asserted patents. Dkt. 91 at 3. In support of its argument, Creative points out that the term "configurable connector" was not used in the complaint or the settlement agreement from the prior lawsuit. *Id.* at 3.

Whether the "ensuing discovery of other models and related products may bring those products within the scope of the [prior] notice" is a fact issue for the jury to decide. *Funai Elec. Co., Ltd.*, 616 F.3d at 1373. Accordingly, Acticon bears the burden of showing, on its motion for summary judgment, that no reasonable jury could find that the notice provided by the complaint in the prior lawsuit does not extend to the Audigy and X-Fi products. On the existing record, the Court agrees with Creative that a reasonable jury could find that the prior lawsuit did not provide actual notice that products having a "configurable connector" infringe Acticon's asserted patents. Even if the prior lawsuit gave Creative actual notice that devices having a "configurable connector" infringe the asserted patents, a reasonable jury could still find that the term is not sufficiently specific to identify the Audigy and X-Fi products. In that instance, the prior lawsuit would still fail to provide actual notice of infringement for the Audigy and X-Fi products. Therefore, the Court finds that Acticon is not entitled to summary judgment that it provided pre-suit actual notice of infringement for the Audigy and X-Fi products.

Based on the same evidence, the Court also finds that a reasonable jury could find that the prior lawsuit gave Creative actual notice of infringement by the Audigy and X-Fi products. Accordingly, Creative is not entitled to summary judgment that Acticon cannot meet its burden for proving that it provided actual notice of infringement to Creative.

### B. CONSTRUCTIVE NOTICE

Acticon argues that Creative received constructive notice of the asserted patents because Acticon complied with the marking statute. According to Acticon, the evidence shows (1) that it has consistently required its licensees to mark patented products, (2) that it has been diligent in

monitoring its licensees and ensuring that they mark patented products, and (3) that patented products have been properly marked. Dkt. 72 at 12-13.

Creative responds that Acticon failed to undertake reasonable efforts to ensure that Acticon's licensees properly marked patented products. Creative argues that the evidence shows (1) that Acticon entered into licensee agreements with twelve licensees that permitted future sales but did not require marking, (2) that Acticon failed to take action when a licensee refused to marks its patented products, and (3) that Acticon does not know how many unmarked products were sold by licensees. Dkt. 81 at 14-15. In its reply, Acticon identifies evidence that, if true, rebuts Creative's showing. Dkt. 87 at 13-18.

Because Acticon's alleged failure to mark is the result of its licensees's actions, Acticon's compliance with the marking statute is evaluated under a fact-intensive rule of reason test. *Maxwell*, 86 F.3d at 1111-12. In order to prevail on its motion for summary judgment, Acticon has the burden to show that no reasonable jury could find that Acticon failed to make reasonable efforts to ensure its licensees' compliance with the marking statute. The parties have identified sufficient conflicting evidence to show that a genuine issue of material fact exists with respect to this issue. Therefore, the Court finds that both parties have failed to meet their burden of proving that they are entitled to summary judgment on the constructive notice issue.

## CONCLUSION

Accordingly, the Court **GRANTS** summary judgment in part that:

- Creative received actual notice of infringement by the Modem Blaster v.92 for Notebooks product at least as early as March 28, 2001;

- Creative received actual notice of infringement by E-Mu Systems 1616 and 1616M products at least as early as May 25, 2007; and

- Creative received actual notice of infringement by the Sound Blaster Audigy 2 ZS PCMCIA product at least as early as December 5, 2005.

All other relief not specifically granted is hereby **DENIED**.

**SIGNED this 5th day of March, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE